IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ELIZABETH SCOTNEY** | * | |
| | * | |
| v. | * | Civil Case No. SAG-14-161 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## MEMORANDUM

This case has been referred to me by consent of the parties. [ECF No. 9]. Currently pending is Plaintiff's Motion for Attorneys' Fee Under the Equal Access to Justice Act ("EAJA"). [ECF No. 21]. I have reviewed that motion, Defendant's Opposition, and Plaintiff's Reply. [ECF Nos. 21, 22, 23]. For the reasons described below, Plaintiff's Motion is Granted In Part and Denied In Part, and fees will be awarded in the amount of $3,912.10.

The parties do not dispute that Plaintiff is entitled to fees under the EAJA, and they do not dispute the validity of the 20.59 hours worked by Plaintiff's counsel. The only dispute is the appropriate hourly rate for calculating fees. Defendant contends that the appropriate rate is the rate set forth in the EAJA statute, 28 U.S.C. § 2412(d)(2)(A)(ii), which is $125.00 per hour plus an increase for cost of living. Defendant provided a calculation of the appropriate cost of living increase, which raises the statutory hourly rate to $190.00 per hour.

Plaintiff asserts that $475.00 would be an appropriate hourly rate for EAJA fees. However, none of the purported authority Plaintiff cites supports her proposition. The cases cited by Plaintiff determining "reasonable hourly rates" do not apply in the EAJA context, where the hourly rate is set by statute. Moreover, Plaintiff makes the inexplicable contention that, "[t]o reflect cost of living increases authorized by the EAJA, 28 USC § 2412(d)(2)(A), the United States District Court for the District of Maryland has consistently applied the guideline rates under its Appendix B of its Local Rules, Exhibit B, which are presumptively reasonable." Pl.

Mot. 6 (citing *Thompson v. U.S. Dept. of Housing and Urban Dev.*, Civil No. MGJ-95-309, 2002 WL 31777631 (D. Md. Nov. 21, 2002)).  In fact, the Court in *Thompson* expressly found that the EAJA was "not applicable," to the request for attorney's fees in that case, and thus calculated a "reasonable attorney's fee" using a traditional lodestar calculation.  *Id.*, at *2, *5-6.  Plaintiff repeatedly refers to Appendix B of the Local Rules as the "EAJA Guidelines," despite the fact that Appendix B makes no mention whatsoever of the EAJA and specifically states that it "does not apply to cases in which statutes or contracts authorize fees based on a fixed percentage or other formula, such as social security . . . cases."  *See* Loc. R. App. B, n.1 (D. Md. 2014).

Ultimately, Plaintiff has cited to no apposite authority to support her proposed hourly rate, and has established no valid reason to deviate from the statutory fee in this case.  Other than cost of living, the only other reason mentioned in the EAJA to justify a higher fee would be a "limited availability of qualified attorneys for the proceedings involved."  No such shortage exists here, as this Court sees numerous attorneys who handle Social Security appeals and request appropriate EAJA fees.  Accordingly, EAJA fees will be awarded to Plaintiff's counsel at a rate of $190.00 per hour for 20.59 hours, for a total of $3,912.10.

**CONCLUSION**

Based on the foregoing, the Court GRANTS in part and DENIES in part Ms. Scotney's Motion for Attorneys' Fee Under the Equal Access to Justice Act. A separate order follows.

Dated:  February 3, 2015                                                       /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge